UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

FILED
January 13, 2025
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Darrell Murphy Case No.: 4:09-CR-003-P(04) |
| Name of Sentencing Judge: | Senior U.S. District Judge John McBryde (Reassigned by Amendment to Special Order No. 2-228, on July 23, 2020, to U.S. District Judge Mark T. Pittman). |
| Date of Original Sentence: | June 26, 2009 |
| Original Offense: | Conspiracy To Distribute A Controlled Substance, 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B), a Class B felony |
| Original Sentence: | 200 months custody, 4-year term of supervised release |
| Revocations: | None. |
| Detainers: | None. |
| U.S. Marshals No.: | 37634-177 |
| Type of Supervision: | Supervised Release Date Supervision Commenced: April 13, 2023 |
| Assistant U.S. Attorney: | Shawn Smith Defense Attorney: Mark R. Danielson (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

**I.**

**Violation of Mandatory Condition No. 1**

The defendant shall not commit another federal, state, or local crime.

**Violation of Mandatory Condition No. 2**

The defendant shall not possess illegal controlled substances.

**Violation of Mandatory Condition No. 4**

The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

Case 4:09-cr-00003-P Document 483 Filed 01/13/25 Page 2 of 4 PageID 3628

**Violation of Mandatory Condition No. 5**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance abuse, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment and contributing to the costs of services rendered at a rate of at least $10 per month.

**Violation of Standard Condition No. 10**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

**Nature of Noncompliance**

Darrell Murphy (Murphy) violated these conditions of supervised release by using and possessing "Meth" and marijuana, illegal controlled substances, in or about December 2024. On December 23, 2024, Murphy admitted verbally and in writing to Senior U.S. Probation Officer Rachel Doran that he used "Meth" on December 22, 2024, and marijuana on December 19, 2024.

Murphy violated these conditions of supervised release by failing to submit urine specimens as directed on December 23, 2024.

On December 23, 2024, Murphy violated this condition of supervised release by committing the offense of Falsification of Drug Test Results, in violation of Texas Health & Safety Code § 481.133, in Abilene, Texas, against the peace and dignity of the State of Texas. On December 23, 2024, Murphy reported to the U.S. Probation Office, Abilene, Texas, and was instructed to submit a urine specimen.

During the collection process, Murphy was found to be in possession of what appeared to be a catheter bag with a tube containing yellow fluid that was strapped to his rib area with a white band fitted around his upper chest, which was intended to falsify a drug test by submitting the substance contained in the bag in place of his own urine.

**Personal History**

Murphy commenced his term of supervised release on April 13, 2023. He released to Haltom City, Texas, where he was referred to Helping Open People's Eyes (HOPE) for substance abuse treatment and random urine specimen collection. On November 20, 2023, Murphy successfully completed substance abuse treatment at HOPE, and subsequently transferred to the Abilene Division. Murphy began working for Obar Wrecker Service, Abilene, before obtaining employment with Samuel EPC, Abilene. After he was laid off, he returned to Obar Wrecker Service, where he remained until December 2024. In or around September 2024, Murphy advised that his wife left him for another man. On December 16, 2024, Murphy reported he began working for Windchase Village Apartments, Abilene; however, when this probation officer traveled to his employment on December 20, 2024, for an unscheduled visit, Murphy was not listed as an employee. Murphy was instructed to report on December 23, 2024, when the above incident occurred.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 3 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3). |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §§7B1.1(a)(3), 7B1.3(a)(2), & (c)(1), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2025
Respectfully submitted,

Rachel Doran
Senior U.S. Probation Officer
Abilene Division
Phone: 325-690-3983

Approved,

Richard A. Cortinaz
Supervising U.S. Probation Officer
Phone: 325-486-4070

---

**Order of the Court:**

- ☐ No action.
- ☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- ☐ The Issuance of a Summons.
- ☐ Other or Additional:
- ☐ File under seal until further order of the Court.

The Honorable Mark T. Pittman
U.S. District Judge

1/13/2025
Date