FILED
July 9, 2026
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

# Second Amended Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Darrell Murphy Case No.: 4:09-CR-003-P(04) |
| Name of Sentencing Judge: | Senior U.S. District Judge John McBryde (Reassigned by Amendment to Special Order No. 2-228, on July 23, 2020, to U.S. District Judge Mark T. Pittman) |
| Date of Original Sentence: | June 26, 2009 |
| Original Offense: | Conspiracy to Distribute A Controlled Substance, 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B), a Class B felony |
| Original Sentence: | 200 months custody, 4-year term of supervised release |
| Revocations: | February 13, 2025: 4 months custody, 12-month term of supervised release |
| Detainers: | Taylor County, Texas; Callahan County, Texas |
| U.S. Marshals No.: | 37634-177 |
| Type of Supervision: | Supervised Release Date Supervision Commenced: May 9, 2025 |
| Assistant U.S. Attorney: | Shawn Smith Defense Attorney: Mark. R. Danielson (Court appointed) |

# Petitioning the Court for Action for Cause as Follows:

*Since the First Amended Petition for Person Under Supervision was filed on November 26, 2025, the pending law violations against Darrell Murphy have changed. A charge of Arson was discovered after the filing of the First Amended Petition for Person Under Supervision. The Arson charge does change the Chapter 7 Violation Computations. The violation conducts previously reported and the new and amended violation conduct are included below, except for the firearms related offenses, which were not pursued by the State:*

I.

**Violation of Additional Condition**

The defendant shall not illegally possess controlled substances.

**Violation of Additional Condition**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

**Violation of Additional Condition**

The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $10 per month.

**Nature of Noncompliance**

Darrell Murphy (Murphy) violated these conditions of supervised release in or about July, August, and September 2025. On July 14, 2025, Murphy submitted a urine sample to Clinical and Forensic Counseling (CFC), Abilene, Texas, that tested positive for methamphetamine. Furthermore, on August 7, 2025, Murphy submitted a urine sample to the U.S. Probation Office, Abilene, Texas (Abilene Office), that tested positive for methamphetamine. On August 7, 2025, Murphy admitted, verbally and in writing, to U.S. Probation Officer Martin Hernandez, Jr. (USPO Hernandez), that he used methamphetamine on July 12 and August 4, 2025. On August 5 and September 9, 2025, Murphy failed to report to CFC for group counseling sessions. Murphy did not have permission to miss either session. Additionally, on September 6, 2025, Murphy failed to submit a urine sample to CFC. On September 9, 2025, USPO Hernandez instructed Murphy by a telephone call to report to the Abilene Office to submit a urine sample on September 10, 2025. Murphy failed to report as instructed.

**II.**

**Violation of Standard Condition No. 2**

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Nature of Noncompliance**

Murphy violated this condition of supervised release on or about September 10 and 11, 2025. On September 9, 2025, USPO Hernandez instructed Murphy by telephone call to report to the Abilene Office on September 10, 2025, for an office visit and to submit a urine sample. Murphy failed to report as instructed. On September 10, 2025, USPO Hernandez instructed Murphy by text message to report to the Abilene Office on September 11, 2025. Murphy failed to report as instructed.

***III.***

**Violation of Additional Condition**

The defendant shall not commit another federal, state, or local crime.

**Nature of Noncompliance**

On October 2, 2025, Darrell Murphy (Murphy) violated these conditions of supervised release as evidenced by his arrest by the Abilene, Texas, Police Department (APD) for Evading Arrest Detention, in violation of Texas Penal Code § 38.04(b), and warrants out of Callahan County, Texas, for Burglary of a Habitation (offense date on or about September 23, 2025), in violation of Texas Penal Code § 30.02; ~~Theft of Firearm (offense date on or about September 23, 2025), in violation of Texas Penal Code § 31.03(e)(4)(C); Possession of a Firearm by a Felon (offense date on or about September 23, 2025), in violation of Texas Penal Code § 46.04~~; and Theft Over $2,500 (offense date on or about September 23, 2025), in violation of Texas Penal Code § 31.03. Murphy was contacted by APD for having four outstanding arrest warrants on October 2, 2025. Upon contact, Murphy fled on foot and was apprehended after a short foot chase.

*The State of Texas has changed the above listed charges to: Burglary of Habitation, a Second Degree felony, in violation of Texas Penal Code § 30.02, Case No. 25367-B, pending in the 104th District Court, Taylor County, Texas; Theft, a State Jail Felony, in violation of Texas Penal Code § 31.03, Case No. 25455-B, pending in the 104th District Court, Taylor County, Texas; Theft, a State Jail Felony, in violation of Texas Penal Code § 31.03, Case No. 25500-B, pending in the 104th District Court, Taylor County, Texas; Theft, Case No. 25501-B, a State Jail felony, in violation of Texas Penal Code § 31.03, pending in*

*the 104th District Court, Taylor County, Texas; Burglary of Building, a State Jail felony, in violation of Texas Penal Code § 30.02, Case No. 25502-B, pending in the 104th District Court, Taylor County, Texas; Engaging in Organized Criminal Activity, a First Degree felony, in violation of Texas Penal Code § 71.02, Case No. 7988, pending in Callahan County, Texas. [NOTE: Charges for Evading Arrest Detention, Possession of a Firearm by a Felon, and Theft of Firearm were not pursued by the State.]*

*In addition, on May 15, 2026, Mr. Murphy was indicted for Arson, a Second-Degree felony, in violation of Texas Penal Code § 28.02, Case No. 25499-B, pending in the 104th District Court, Taylor County, Texas. On September 26, 2025, Taylor County Sheriff's Deputies observed a cloud of black smoke in the area south of Merkel, Texas. They located a black Ford F-150 fully engulfed in flames and found a can of accelerant near the vehicle after the fire was extinguished. Through an investigation, this vehicle was determined to be reported stolen by the Dallas, Texas, Police Department. Through investigation, it was revealed that this vehicle was believed to have been used by Mr. Murphy and 2 accomplices to steal multiple items and trailers from various locations throughout Taylor and Callahan Counties in Texas.*

*Prior to being destroyed, this vehicle was seen being used to steel a trailer on Iberis Road South, Abilene, Texas, and matched the same description as the vehicle seen around Mr. Murphy's residence prior to a search warrant being served at his residence regarding the thefts. Through the investigation, one of the accomplice's stated Mr. Murphy was one of the drivers of the black Ford F-150 and would store stolen property on the property north of his residence. On October 3, 2025, Taylor County, Texas, Sheriffs Detectives interviewed Mr. Murphy at the Taylor County Detention Center, Abilene, Texas, and Mr. Murphy stated he was not the only person who drove it and that it was not his truck. On October 14, 2025, while detectives were cataloging items seized from Mr. Murphy's residence after a search warrant, a license plate that read "TPB 8726" was found inside of a backpack. This license plate was reported stolen by the Abilene Police Department and belonged to an individual in Abilene, Texas, which was previously on a red Ford F-150. The detectives reviewed a FLOCK camera system (a system law enforcement uses to capture vehicle identification through license plate, make, model and color readings, that are placed around the community), and it showed 11 photos between September 11 and October 15, 2025. Ten of the photographs showed the red Ford F-150, which belonged to the original owner, and one photo showed it placed on a black Ford F-150.*

*The Taylor County Sheriff's Office supplemental report dated December 18, 2025, states "It is my belief that the photograph of the black truck is the truck that was reported stolen, used in the trailer theft on Iberis Rd. S, and eventually destroyed by arson on CR640. This plate was located at Darrell's house and ties him to this vehicle. It is my belief the plate was stolen from Tyler off of his red Ford and placed on the black one. This is done often by criminals to hide criminal activity. Often criminals will steal license plates off similar vehicles and place them on a vehicle that they are using to conceal criminal activity." Additionally, on November 11, 2025, detectives reviewed a photograph that was on a cellular telephone taken from Mr. Murphy's vehicle with a date of September 28, 2025, two days after the vehicle was destroyed by arson. This photograph showed a burn site and the terrain looked like the terrain where the black Ford F-150 was burned. Detectives went back to the burn site and located where the photograph was taken and verified the photograph was taken at the same burn site the arson was committed. Furthermore, two additional photographs were found on the same cellular telephone and were of a surveillance camera showing a black Ford F-150. The surveillance camera photographs were recognized to be from Mr. Murphy's mother's residence, which is adjacent to his residence.*

**Personal History**

Murphy's first term of supervised release began on April 13, 2023, in the Northern District of Texas, Fort Worth Division. Murphy subsequently transferred to the Northern District of Texas, Abilene Division in November 2023. Murphy's term of supervised release was revoked by Your Honor on February 13, 2025,

for admitting to methamphetamine and marijuana use, a positive urine sample for methamphetamine use, and a new law violation of Falsification of Drug Test Results, in violation of Texas Health and Safety Code § 481.133, in Abilene, Texas. During the collection process in the Abilene Office, Murphy was found to be in possession of what appeared to be a catheter bag with a tube containing yellow fluid that was strapped to his rib area with a white band fitted around his upper chest, which was intended to falsify a drug test by submitting the substance contained in the bag in place of his own urine.

Murphy began his current term of supervised release on May 9, 2025, in the Northern District of Texas, Abilene Division. On June 2, 2025, Murphy was enrolled in CFC, a federally contracted substance abuse treatment program that includes individual and group counseling with random urine tests. Since his release, Murphy has maintained a residence and employment in Abilene, Texas.

*The Arson charge **does** affect the Chapter 7 Violation Computations previously reported. The Mandatory Revocation Statute previously contained possession of a firearm, which has been removed.*

**Statutory Provisions — Protect Act Supervised Release**

| | |
|---|---|
| **Statutory Maximum Custody:** | 3 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | *Mandatory revocation for possession of a controlled substance and refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3).* |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

In U.S. v. Vera, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.

**Chapter 7 Violation Computations**

| | | |
|---|---|---|
| **Violation Grade:** | *A* | *USSG §§7C1.1(a)(1) and 7C1.4(b), p.s.* |
| **Criminal History Category:** | I | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | *12-18 months* | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C. violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2026

Respectfully submitted,

Martin Hernandez, Jr.
U.S. Probation Officer
Abilene Division
Phone: 325-690-3985
Email: Martin_Hernandez@txnp.uscourts.gov

Approved,

Richard A. Cortinaz
Supervising U.S. Probation Officer
Phone: 325-486-4070

---

**Order of the Court:**

- ☐ No action.
- ☒ The violation conduct be added to the First Amended Petition for Person Under Supervision filed on November 26, 2025.
- ☐ The Issuance of a Warrant
- ☐ The Issuance of a Summons.
- ☐ Other or Additional:

- ☐ File under seal until further order of the Court.

The Honorable Mark T. Pittman
U.S. District Judge

July 9, 2026
Date